**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Cause No.  4:24-CR-00440** |
| **v.** | ) | |
| | ) | |
| **NATHANIEL GIBSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD VARIANCE

COMES NOW counsel for the Defendant, Nathaniel Gibson, (hereinafter "Nathan") and submits the following as an aid in the Court's sentencing determination:

On January 14, 2026, Nathan pled guilty to the following charges:  Count One – Travel with Intent to Engage in Illicit Sexual Conduct in violation of Title 18 U.S.C. § 2423(b) and Count Three – Coercion and Enticement of a Minor: Transportation of a Minor to Engage in Prohibited Sexual Conduct in violation of Title 18 U.S.C. § 2422(a)

This plea was made pursuant to a plea agreement with the government. The government agreed to recommend a sentence of 120 months imprisonment. The defendant may request any available sentence.  The defendant hereby requests that the Court impose a sentence of 84 months imprisonment to be followed by lifetime supervised release, applicable assessments and restitution.

The Presentence Investigation Report Guideline Provisions are: total offense level of 34 (PSR ¶ 37); criminal history score of zero (PSR ¶ 41), resulting in a criminal history category of I (PSR ¶ 41); guideline imprisonment range is 151 to 188 months.

For the following reasons, as per the most relevant 18 U.S.C. § 3553(a) sentencing factors, Nathan is respectfully requesting that this Court sentence him to 84 months, or 7 years, imprisonment to be followed by lifetime supervised release, applicable assessments and restitution.

Such a sentence would be "sufficient, but not greater than necessary" to comply with the various purposes of the federal sentencing statute.  In support, counsel states as follows:

**<u>Argument:</u>**

**<u>Nathan's Background and Family</u>**

As referenced in the PSR, Nathan has no criminal history and, up until the allegations in the underlying case, he had led a lawful and productive life as a son, brother, husband and father.

Nathan comes from a simple and hardworking background.  He was primarily raised by his mother due to his father having issues with controlled substances and the criminal justice system.  The family would move around frequently and did not have much money.  Trips to food pantries and toy drives were common.  (PSR, ¶ 45) His mother did a tremendous job while facing

extremely difficult circumstances.  As a single mom, she raised four children and has maintained an active, positive presence in all of their lives.  Nathan is lucky to have her in his corner.

Nathan overcame that childhood faced with limited resources and graduated from high school.  He then immediately began working and has always maintained stable employment.  When he lost job due to this case, he always found another job quickly so that he could support his family.  He has never been unemployed for any significant period.  (PSR, ¶ 58-61)

Nathan's biggest concern about this case, and his looming sentence to the bureau of prisons, is the effect it will have on his wife and two sons, age eleven and two.  His wife Brittney will have to navigate this difficult situation and raise two young energetic boys without her partner.  Nathan's boys will endure a substantial portion of their childhood without a father.

Nathan is fortunate to have such a large support system.  Counsel has attached positive character reference letters from his wife, his mother, other immediate family members, multiple friends and acquaintances, and his employer. (Defendant's Exhibit, A – Q) The recurring theme is clear.  Nathan is a devoted father that is always willing to lend a helping hand to someone in need.  Most importantly, Nathan has always provided for his family.

**<u>Nathan Has Fully Accepted Responsibility and Waived Potentially Years of Legal Delays</u>**

This case does not involve a normal acceptance of responsibility analysis. To the contrary, the underlying facts in this case were also the basis for two separate prosecutions in state court, one in Missouri and one in the state of Arkansas.  Sequentially, charges were issued as follow:

On February 1, 2024, charges were issued in the Boone County, Arkansas. Nathan was arrested, posted bond, and was released on bond with a GPS ankle monitor.  On February 16, 2024, charges were issued in Crawford County, Missouri.  When alerted of these additional charges, Nathan turned himself in and eventually posted bond and was released on an ankle monitor.  On August 28, 2024, charges were issued in this matter.  Nathan was arrested and released on bond with a GPS ankle monitor.

The three cases involve the same set of facts and circumstances.  All matters would require the victim to testify and relive the events that led to these charges in public and confrontational settings.  Nathan's plea of guilty allows the victim to avoid those difficult situations and hopefully obtain some sense of closure.  She will not need to testify in three separate trials, over three separate venues, over the next several years.  In sum, she can at least try to move on knowing that the legal proceedings are complete.

For over two years, Nathan has had zero bond violations and complied will all bond conditions.  He has attended all court dates while continuing to work a

full-time job and support his family.  His conduct while on bond serves as a preview of how he will conduct himself when he is eventually released from prison.  Nathan understands that he will have to register as a sex offender and comply with numerous conditions of supervised release.  He readily accepts those consequences of his conduct.

### Conclusion and Request for Recommendations:

Based on the foregoing, Nathan respectfully requests that this Court sentence him to 84 months, or 7 years, in the Federal Bureau of Prisons.   Such a sentence would be "sufficient, but not greater than necessary" to comply with the various goals of federal sentencing.

Finally, counsel requests that the Court make the following recommendations to the Bureau of Prisons as part of its judgment:  that he be housed as close as possible to the St. Louis metropolitan area in order to facilitate visits with his family.

WHEREFORE, counsel respectfully requests this Court impose a sentence of 84 months.

Respectfully submitted,


By: */s/ Anthony J. Muhlenkamp*_____
ANTHONY J. MUHLENKAMP
(#55029MO)
Attorney for Defendant
120 S. Central Avenue
Suite 1550
Clayton, Missouri 63105
Phone: 314-561-9690
        314-609-6449 (cell)
Fax:    314-596-0658
Email: tony@jcsattorney.com
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2026, the foregoing was filed electronically with the Clerk of the Court and sent via electronic mail to:

Ms. Jillian S. Anderson
Asst. United States Attorney
111 S. Tenth St.
20th Floor
St. Louis, Missouri 63102


*Anthony J. Muhlenkamp*